304 So.2d 873 (1974)
Howard GRUENBERG et al.
v.
GOLDMINE PLANTATION, INC., et al.
No. 6505.
Court of Appeal of Louisiana, Fourth Circuit.
December 10, 1974.
Milling, Benson, Woodward, Hillyer & Pierson, Charles A. Snyder, New Orleans, for plaintiffs-appellants.
Goldman & Levin, Stanley H. Levin, New Orleans, for defendants-appellees.
Before STOULIG and MORIAL, JJ., and BOURG, J. Pro Tem.
STOULIG, Judge.
Plaintiffs, the owners of 20 percent of the outstanding shares of Goldmine Plantation, Inc. (Goldmine), filed suit to have the corporation dissolved involuntarily and to recover individual damages caused by the controlling directors' ultra vires speculation with the corporate realty. Named defendants were the corporation and four of the members of the Board of Directors, namely, S. J. Rodrigue, Ada Rodrigue, Marie Cognevich and Michael Tassin. Defendants pleaded an exception of no cause of action which was maintained and plaintiffs *874 have appealed that judgment dismissing their suit.
The scope of this appeal is limited to the question of whether plaintiffs' petition did state a cause of action. We are not now concerned with the ability of the appellants to sustain the merits of their bases for an involuntary dissolution of the corporation, but rather the issue is simply have they pleaded a sufficient cause which if sustained would warrant granting the relief they seek. For the purpose of making this determination we accept the facts alleged in this pleading as true. Elliott v. Dupuy, 242 La. 173, 135 So.2d 54 (1961).
The allegations in plaintiffs' petition set forth a cause of action for involuntary dissolution of the corporation under LSA-R. S. 12:143(A). They aver: (1) plaintiffs own and have held 20 percent of the stock in Goldmine for more than six months; (2) the corporation was chartered for agrarian purposes; (3) its immovable property is now far more valuable as an industrial site; (4) the purpose for which it was organized is impracticable; (5) the defendant directors have engaged in speculating with the sale of the corporate realty rather than accepting the reasonable offer to purchase based on its true value as industrial property; and (6) this action has deprived plaintiffs of the use of funds that could be invested at a far greater profit than that yielded by retention of their corporate shares.
Under LSA-R.S. 12:143(B) (1), a group of shareholders who collectively have been registered owners of not less than 20 percent of the outstanding shares of stock for not less than six months may bring an action to force involuntary dissolution of the corporation for any one of nine causes set forth in R.S. 12:143(A). The petition sets forth allegations to support a cause of action under subsections (A)(2), (3) and (7), which state:
"A. The court may entertain a proceeding for involuntary dissolution under its supervision when it is made to appear that:
* * * * * *
(2) The objects of the corporation have wholly failed, or are entirely abandoned, or their accomplishment is impracticable; or
(3) It is beneficial to the interests of the shareholders that the corporation should be liquidated and dissolved; or
* * * * * *
(7) The corporation has been guilty of gross and persistent ultra vires acts * * *."
To a large degree the arguments of appellees address themselves to the merits. Appellees argue the refusal to sell real estate cannot be ultra vires if the charter authorizes the corporation to own property. This contention does not support sustaining the exception of no cause of action because the plaintiffs have alleged the retention of the realty is tantamount to land speculation under the existing circumstances. Whether this is or is not an ultra vires act is dependent on the evidence adduced in support of the allegation. Also plaintiffs' allegations that a dissolution would be beneficial to the shareholders or the purposes for which the corporation was formed have been rendered obsolete or impracticable by the passage of time must be evaluated in the light of the proof offered. The validity of the complaints of the minority stockholders are factual determinations which must be adjudged on an individual case basis after a trial on their merits.
Confining our adjudication to the exception, we hold plaintiffs have stated a cause of action.
For the reasons assigned the judgment appealed from is reversed and it is now ordered this matter be remanded for further proceedings. Assessment of cost is to await the final determination of this suit.
Reversed and remanded.